**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1703**

ROBERT LEPELLETIER, JR.,

Plaintiff - Appellant,

v.

JOHN M. TRAN, Fairfax County Circuit Court Judge; COMMONWEALTH OF VIRGINIA,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:15-cv-00103-AJT-TCB)

Submitted: November 30, 2015     Decided: February 11, 2016

Before NIEMEYER, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert Lepelletier, Jr., Appellant Pro Se. Erin Rose McNeill, Assistant Attorney General, Liza Shawn Simmons, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lepelletier, Jr., appeals the district court's order dismissing his civil action pursuant to Fed. R. Civ. P. 12(b)(1), (6). We have reviewed the record and conclude that the district court committed no reversible error in dismissing Lepelletier's action.

As the district court properly concluded, Lepelletier's claims were effectively a collateral attack on a state court sanctions ruling, and thus barred by the Rooker-Feldman[*] doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (describing doctrine); Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (addressing relevant considerations); Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (same). His claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity also were barred by the plain language of 42 U.S.C. § 1983 (2012). Moreover, insofar as Lepelletier sought to raise constitutional challenges to ongoing state-court contempt proceedings related to the sanctions order, we conclude his claims are the proper subject of abstention under Younger v. Harris, 401 U.S. 37 (1971). See Sprint Commc'ns, Inc. v.

---

[*] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

Jacobs, 134 S. Ct. 584, 588 (2013) (addressing appropriate grounds for Younger abstention); Juidice v. Vail, 430 U.S. 327, 335 (1977) (abstaining under Younger from adjudicating challenges to state court contempt proceeding); Moore v. City of Asheville, 396 F.3d 385, 390 (4th Cir. 2005) (listing factors to guide abstention).

Lepelletier does not challenge the district court's conclusion that he failed to allege a valid basis for mandamus relief. See 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief). Beyond these claims, Lepelletier's action failed to allege any justiciable Article III controversy.

Accordingly, we affirm the district court's judgment. We deny Lepelletier's motions for judicial notice, for summary disposition, and for a stay or, alternatively, for certification. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED